# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SEPEDA, | 1:11-cv-00830 LJO MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| PEOPLE OF THE STATE OF CALIFORNIA, | [Doc. 13] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Tia M. Coronado, Esq., of the Office of the Attorney General for the State of California.

**I.  BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted by a jury of attempted first degree burglary. (See LD No. 1.[1]) On July 23, 2008, Petitioner was sentenced to serve an indeterminate term of twenty-five years in prison based

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1  on California three strikes law. (Id.) Petitioner appealed, and on September 9, 2009, the
2  California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD No. 2.) The
3  California Supreme Court denied review on November 19, 2009. (LD Nos. 3-4.)

4       Petitioner did not file any state post-conviction challenges. On May 20, 2011, the Court
5  received Petitioner's federal habeas corpus petition. (Pet., ECF No. 1.) On November 9, 2011,
6  Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations
7  period prescribed by 28 U.S.C. § 2244(d). Petitioner filed a response to the motion on January
8  5, 2012. (Resp., ECF No. 19.)

9  **II.    DISCUSSION**

10     **A.    Procedural Grounds for Motion to Dismiss**

11      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
12 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
13 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
14 Cases.

15      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
16 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
17 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
18 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
19 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
20 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
21 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
22 after the court orders a response, and the Court should use Rule 4 standards to review the
23 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

24      In this case, Respondent's motion to dismiss is based on a violation of the one-year
25 limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar
26 in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state
27 procedural default and Respondent has not yet filed a formal answer, the Court will review
28 Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on May 20, 2011, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. The California Supreme Court denied review on November 19, 2009. The state appeal process became final ninety days later, on February 17, 2010, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen

1  v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the
2  following day, in this case, on February 18, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246
3  (9th Cir. 2001).

4        Petitioner would have one year from February 18, 2010, absent applicable tolling, in
5  which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing
6  the instant petition until May 20, 2011, over three months after the statute of limitations period
7  expired. Absent the later commencement of the statute of limitations or any applicable tolling,
8  the instant petition is barred by the statute of limitations. Petitioner has made no showing that
9  the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D).
10 Accordingly, Petitioner may only rely on tolling to attempt to show that is petition is not barred
11 by the statute of limitations.

12       **C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

13       28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for
14 State post-conviction or other collateral review with respect to the pertinent judgment or claim
15 is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2).
16 In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a
17 petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals
18 between one state court's disposition of a habeas petition and the filing of a habeas petition
19 at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,
20 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state
21 petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court
22 explicitly states that the post-conviction petition was timely or was filed within a reasonable
23 time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.
24 189 (2006). Claims denied as untimely or determined by the federal courts to have been
25 untimely in state court will not satisfy the requirements for statutory tolling. Id.

26       Here, Petitioner did not file any post-conviction collateral challenges. Petitioner is not
27 entitled to statutory tolling, and the petition is untimely.

28

### D. Date of Mailing Federal Petition

Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. In this case, Petitioner signed and dated his petition on January 31, 2011, over three months before the petition was received by the court. Respondent has included Petitioner's outgoing mail log as an exhibit as a motion to dismiss, showing that the petition was mailed on May 17, 2011. (L.D. 5.) In his response, Petitioner did not refute that he mailed the present petition on May 17, 2011. The Court shall consider the petition filed on May 17, 2011 opposed to May 20, 2011 - the date the petition was received. While Petitioner benefits from the mailbox rule, his petition remains over three months late.

### E. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In his opposition, Petitioner acknowledges that the petition was not filed within the one year statute of limitations. However, Petitioner presents two reasons why the Court should consider his petition timely. First Petitioner explains that he filed his federal petition with the wrong court, and second, that he should be entitled to an additional ninety days to file after the statue of limitations expired.

#### 1. Mailing Petition to the Wrong Court

Instead of filing his federal petition with this Court, Petitioner mailed the petition to the United States Supreme Court. (See Resp.) According to Petitioner's mail log, the petition was mailed to the Supreme Court on January 31, 2011. (L.D. 5.) On February 9, 2011, the clerk of the Supreme Court notified Petitioner that the petition did not state the reasons for not filing the petition in the applicable district court.

In response to the letter from the clerk of the Supreme Court, Petitioner contacted his

former appellate counsel for guidance. (See Resp. at 26-28.) Counsel sent a letter to Petitioner on March 19, 2011. After explaining that he was not presently representing Petitioner, his former counsel considerately explained that Petitioner filed the petition in the wrong court and provided Petitioner the correct address for mailing a petition to this Court. (Id.) Further, counsel informed Petitioner that, as he had previously stated in a November 20, 2009 letter, the last day for filing a federal petition was February 17, 2011, a date that had since passed. (Id.)

Petitioner's mistakes made while representing himself are not sufficient to warrant equitable tolling. A petitioner's lack of legal training or pro se status is not an viable basis for equitable tolling of AEDPA's statute of limitations. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Here, Petitioner's counsel warned him of the last day to file a federal petition over a year before last day of the limitations period. Petitioner failed to file a petition until less than a month remained on the limitations period, but proceeded to file the petition with the wrong court. Further, Petitioner received notice from the Supreme Court that he must file with the district court before the limitations period expired. Petitioner's lack of legal sophistication and his apparent inability to address the petition to the proper court is insufficient to warrant equitable tolling.

### 2.     Additional Ninety Days to File Petition

Petitioner asserts that he is entitled to an additional ninety days from when the limitation period expired on February 17, 2011, and therefore the petition was timely filed. This is simply incorrect. As stated above, the year period for the statute of limitations period did not commence until ninety days after the petition for review was denied by the California Supreme Court. See U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). As the limitations period has been calculated including the ninety days for Petitioner to seeking certiorari with the United States Supreme Court, the statute of limitations expired on February 17, 2011, not on May 17, 2011 as Petitioner asserts. Petitioner is not entitled to either statutory or equitable tolling based on such reasoning.

///

### III. **CONCLUSION**

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was not entitled to the benefit of statutory tolling, as he did not file any post-conviction collateral challenges. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

### IV. **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 21, 2012        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE